

FILED
LODGED
RECEIVED

MAIL

MAR - 8 2003

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

COLLEEN A. CAMPBELL and
MICHAEL CAMPBELL,
      Plaintiffs,

v.

VERIZON WIRELESS (VAW) LLC, a
Delaware Limited Liability Company;
EQUIFAX CREDIT INFORMATION
SERVICES, INC. a Georgia corporation;
EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio corporation;
TRANS UNION corporation, a Delaware
corporation,
      Defendants.

NO. **C03-0572P**

COMPLAINT

(Fair Credit Reporting Act, Fair Debt
Collection Practices Act)

JURY TRIAL REQUESTED

CV 03-572 #1

Plaintiffs complain as follows:

## PARTIES

1. Plaintiffs are natural persons residing in the state of Washington.

2. Verizon Wireless (VAW) LLC ("Verizon") is a Delaware limited liability company authorized to do business in the state of Washington.

3. Defendant Equifax Credit Information Services, Inc. ("Equifax") is a Georgia corporation authorized to do business in the state of Washington.

4. Defendant Experian Credit Reporting Services, Inc. ("Experian") is an Ohio corporation authorized to do business in the state of Washington.

5. Defendant Trans Union ("Trans Union") is a Delaware corporation authorized to do business in the state of Washington.

## JURISDICTION

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 because this issue involves matters of federal law. This court also has jurisdiction over this matter pursuant

to 28 U.S.C. 1332, as the parties reside in different states, and the amount in controversy in this matter exceeds $75,000.

7.    Defendants are liable to *Plaintiffs under the* Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.  These Defendants are also liable to Plaintiffs pursuant to the laws of the state of Washington; this court has Pendent Jurisdiction over these claims.

8.    Defendants are liable to Plaintiffs under the Fair Debt Collection Practices Act ___ U.S.C. 1692 et seq. These Defendants are also liable to Plaintiffs pursuant to the laws of the state of Washington; this court has Pendent Jurisdiction over these claims.

## JURY DEMAND

9.    Plaintiffs *are entitled to, and request a jury trial in this matter* pursuant to U.S. Constitution, amendment 7 and Fed. R. Civ. Pro 38.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

10.    Plaintiffs request that this court instruct the jury that exemplary or punitive damages may be awarded against Defendants under federal and state laws.

## REQUEST FOR COSTS AND ATTORNEY FEES

11.    Plaintiff requests that in addition to damages, this court instruct the jury to award attorney fees and costs as provided by *statute*.

## FACTS

12.    In Mid-November, 2001, Plaintiffs were denied credit when they applied for a car loan through their credit union. Plaintiffs were told that their credit reports revealed too many open and delinquent credit accounts.

13.    In December, 2001, Dunn & Bradstreet, a collection agency, contacted Plaintiff's parents in an attempt to locate Plaintiffs.

14.    On December 19, 2001, Plaintiffs contacted Leo Hollahan at Dunn & Bradstreet and
       were informed that Verizon Wireless and Nextel Communications had placed four
       accounts with Dunn & Bradstreet for collection. Plaintiffs verbally disputed the validity
       of the accounts with Dunn & Bradstreet. Dunn & Bradstreet advised Plaintiffs to contact
       John Davis, a regional supervisor for Nextel to obtain further information on the
       accounts.

15.    On December 20, 2001, Plaintiff contacted John Davis at Nextel Communications. Mr.
       Davis advised Plaintiffs that all of the accounts had been opened in Michigan. Mr. Davis
       told Plaintiffs that the accounts would be suspended with Dunn & Bradstreet and that
       they would start a fraud investigation immediately. Mr. Davis also told Plaintiff to file a
       police report with the Everett Police Department as a victim of "unauthorized use of a
       social security number for a retail account."

16.    Plaintiffs contacted the Everett Police Department and filed a police report. Plaintiffs
       filed the report with Officer F. Dawson #243, file number DD 02-2925.

17.    On January 4, 2002, partly due to the stress of being unable to obtain credit, concern
       about having fraudulent accounts placed with collection agencies, Plaintiff suffered a
       miscarriage.

18.    On February 10, 2002, Plaintiffs obtained copies of their credit reports from Experian,
       Equifax and Trans Union. Experian showed four Verizon accounts as delinquent. None
       of the accounts were listed as disputed accounts, despite the fact that Verizon knew they
       were disputed. The credit report from Equifax showed three Verizon accounts listed as
       delinquent. None of these accounts were listed as disputed, even though Verizon knew
       that they were disputed. Verizon reported the accounts as "charged off," "bad debts,"
       "placed for collections" and "skip."

19.    On February 15, 2002, Plaintiffs disputed each of the Verizon accounts again, directly
       with the credit bureaus.

20.    On March 26, 2002, Plaintiffs received notification from Equifax that Verizon
       investigated the dispute and was reporting the matter accurately.  On March 27, 2002,
       Plaintiffs received notification from Experian that Verizon investigated the dispute and
       was reporting the matter accurately.  On April 5, 2002, Plaintiff obtained a credit report
       from Experian, with the accounts still listed as derogatory and not listed as disputed.

21.    On June 9, 2002, Plaintiffs disputed the information with Experian, TRW and Equifax
       again.

22.    On July 5, 2002, Plaintiffs received a response from Experian which still listed the
       accounts with Verizon as derogatory and undisputed.  On July 9, 2002, Plaintiffs received
       a response from Equifax which still listed the accounts with Verizon as derogatory and
       undisputed.

23.    Some time before November 1, Verizon placed the accounts with another collection
       agency, ER Solutions, Inc. in Renton, Washington.  On November 1, 2002, ER Solutions
       Inc. contacted Plaintiffs in an attempt to collect the debt.

24.    On November 1, 2002, Plaintiffs retained counsel to represent them in this matter.
       Counsel for Plaintiffs sent a letter to ER Solutions advising them of the dispute and
       fraudulent nature of the accounts. ER Solutions informed Plaintiff that they would return
       the accounts to Verizon and advise them of the disputed status. On November 1, 2002,
       counsel for plaintiffs sent a letter to Verizon advising them of the dispute. Verizon failed
       to respond.

25.    On December 4, 2002, Plaintiff's counsel again sent Verizon a letter advising them of the
       disputed fraudulent accounts.  Again, Verizon failed to respond.

26. The accounts reported by Verizon to the credit reporting agencies are fraudulent and do not belong to the Plaintiffs. The accounts are improperly attributed to the Plaintiffs. Defendants have failed to correct or delete the account information and continue to publish false and inaccurate credit information about Plaintiffs.

27. As a direct result of the false and erroneous account reporting by Verizon, Plaintiffs were denied a mortgage loan.

## CLAIMS FOR RELIEF AGAINST VERIZON

28. Verizon Wireless, extends credit and services to individuals. Verizon has a duty to ensure that the persons to whom it is extending credit are not fraudulently using another person's information to obtain credit. Verizon breached this duty by allowing someone using Plaintiffs name to open accounts with Verizon. Verizon failed to ensure that it was extending services or credit to the correct person. As a result of Verizon's negligent business practices, incorrect and inaccurate information has been placed on Plaintiffs' credit reports. Plaintiffs have been unable to obtain credit and have had their reputation sullied by Verizon's negligence.

29. Verizon has failed to employ reasonable procedures to ensure the maximum possible accuracy of information disseminated to credit reporting agencies.

30. Verizon has failed to investigate reports of fraudulent account activity and failed to ensure that information it is disseminating on its accounts is accurate.

31. Verizon is attempting to coerce and extort Plaintiffs into paying money to Verizon even though Plaintiffs have no obligation to do so.

32. Verizon has knowingly provided false and harmful information to credit reporting agencies knowing that the result would be a derogatory credit report about Plaintiffs.

33. Verizon has maliciously and/or with willful intent to injure, defamed Plaintiffs and invaded Plaintiff's legitimate expectations of privacy.

34. In addition to actual or compensatory damages, Verizon is liable for Plaintiffs for punitive or exemplary damages under state and federal laws.

CLAIMS FOR RELIEF AGAINST

EQUIFAX, EXPERIAN AND TRANS UNION

35. Defendants Equifax, Experian and Trans Union are consumer reporting agencies as defined in the Fair Credit Reporting Act.

36. Defendants Equifax, Experian and Trans Union issued, assembled, transferred and published "consumer reports" regarding Plaintiffs as described in the Fair Credit Reporting Act.

37. Defendants Equifax, Experian and Trans Union have added, stored, disseminated and maintained personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer reports.

38. Defendants Equifax, Experian and Trans Union failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiffs that such information was erroneous.

39. Defendants Equifax, Experian and Trans Union have continually posted and published false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

40. Defendants Equifax, Experian and Trans Union failed to use necessary functions, procedures or programs designed to insure that false data and/or data attributable to other

persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

41.  Defendants Equifax, Experian and Trans Union created, maintain and employ a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws regarding Defendants' actions.

42.  Defendants Equifax, Experian and Trans Union have maliciously and/or with willful intent to injure, defamed Plaintiffs and invaded Plaintiffs' reasonable expectations of privacy.

43.  In addition to actual or compensatory damages, Equifax, Experian and Trans Union are liable for Plaintiffs for punitive or exemplary damages under state and federal laws and for willful violations of the Fair Credit Reporting Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.  For a judgment against Verizon for all reasonable damages sustained by Plaintiffs, including but not limited to compensatory damages associated with the cost of being denied credit, the costs incurred in repairing Plaintiff's credit history, out of pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and punitive damages in an amount not less than $75,000.

2.  For an injunction prohibiting Verizon from publishing any information regarding the fraudulent accounts to any credit reporting agency and prohibiting Verizon from attempting to collect on any disputed account in the future.

3.  For an injunction requiring Verizon's chief executive officer to write a letter of apology to Plaintiffs.

4. For a judgment against Equifax, Experian and Trans Union for all reasonable damages sustained by Plaintiffs, including but not limited to compensatory damages associated with the cost of being denied credit, the costs incurred in repairing Plaintiff's credit history, out of pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and punitive damages in an amount not less than $75,000.

5. For an injunction against Equifax, Experian and Trans Union prohibiting them from publishing, reporting or disseminating information regarding the fraudulent accounts on Plaintiffs' consumer reports.

6. For a judgment against Defendants for attorney fees and costs in an amount of $5,000 if this matter is uncontested, and a greater sum if this matter is contested.

7. Such other relief as is just and equitable.

Dated: March _6_, 2003

_____
Matthew R. Cleverley WSBA #32055
Attorney for Plaintiffs
McKinstry & Division Law Firm
POB 987
Suquamish WA 98392
360-598-4952

Complaint - Page 8

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

C03-0572

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Colleen Campbell and Michael Campbell

## DEFENDANTS

Verizon Wireless (VAW) LLC; Equifax Credit Information Services Inc.; Experian Information Solutions, Inc.; Trans Union Corporation

**(b)** County of Residence of First Listed
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

FILED LODGED RECEIVED MAIL

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew Cleverley
McKinstry & Division Law Firm
POB 987
Suquamish WA 98392
360-598-4952

MAR - 8 2003

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☑2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☑ 890 Other Statutory Actions

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 1681 et Seq. Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE 3-6-03

SIGNATURE OF ATTORNEY OF RECORD
Matthew Cleverley WSBA # 32055

FOR OFFICE USE ONLY